**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

UNITED STATES OF AMERICA      *
       *
    v.              *      CR 106-099
       *
LARRY BYRD, JR.          *

**O R D E R**

In September 2020, in the midst of the COVID-19 pandemic, the
Court sentenced Defendant Larry Byrd, Jr. to serve 46 months
imprisonment upon revocation of supervised release.  At present,
Byrd seeks release from federal custody pursuant to 18 U.S.C. §
3582(c)(1)(A), otherwise known as the compassionate release
provision.  The Government opposes the motion.

The compassionate release provision provides a narrow path
for a defendant in "extraordinary and compelling circumstances" to
leave prison early.  In consideration of an inmate's compassionate
release motion, the Court follows the applicable policy statements
issued by the United States Sentencing Commission.  See 18 U.S.C.
§ 3582(c)(1)(A).  The existing policy statement, U.S.S.G. § 1B1.13,
provides that in addition to the existence of extraordinary and
compelling reasons, the defendant must not present a danger to the
safety of any other person or the community.  Application Note 1

lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). In this case, Defendant submits that his diabetes (Type 2) and hypertension, in conjunction with COVID-19 should he contract it, satisfy this criteria.

The Government has submitted Defendant's inmate medical records, which verify that he suffers from the aforementioned medical conditions.[2] The Centers for Disease Control ("CDC") lists diabetes and hypertension as conditions that "can make [a person] more likely to get severely ill from COVID-19." See Centers for

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

[2] Relatedly, the Court hereby **GRANTS** the Government's motion to seal the medical records (doc. no. 83), which are attached to the Government response as Exhibit A.

Disease Control & Prevention, *People with Certain Medical Conditions*, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on April 13, 2021). This fact, however, is mitigated by the fact that Defendant has now been fully vaccinated against COVID-19, which significantly reduces his risk of exposure. Moreover, his inmate medical records show that his diabetes and hypertension are monitored regularly and treated with prescription medications. (See generally Gov't Resp. in Opp'n, Doc. No. 82, Ex. A.) Finally, it bears mentioning that Defendant did not raise his medical concerns to the Court at the time of sentencing. And, the Court was aware of Defendant's medical conditions (and the risk factors related to the virus) as it had before it the Presentence Investigation Report, which revealed his hypertension, and the Supervised Release Revocation Report, which revealed his diabetes. The Court nevertheless imposed a term of imprisonment.

In short, Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. In consideration of the totality of Defendant's circumstances, he has not done so.

Importantly, even if Defendant's medical condition qualified him for compassionate release, it remains within the Court's discretion to determine whether a sentence reduction is warranted. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013). The

Court must consider the sentencing factors of 18 U.S.C. § 3553(a) prior to release.  See 18 U.S.C. § 3582(c)(1)(A).  In Defendant's case, these factors weigh against his release in light of the nature and circumstances of his offense and his criminal history. Also, Defendant has nearly three years remaining on his sentence; early termination of his sentence would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, or afford adequate deterrence.  Thus, the Court will not exercise its discretion to release Defendant under the compassionate release provision.

Upon the foregoing, Defendant Larry Byrd, Jr.'s motion for compassionate release (doc. no. 79) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this _13th_ day of April, 2021.

_____
UNITED STATES DISTRICT JUDGE

4